IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **NATURAL GAS PIPELINE COMPANY OF AMERICA LLC,** *Plaintiff,* § § § § § § § § § § | **PE:20-CV-00003-DC** |
| v. | |
| **TRACT NO. TX-WA-009.050, 1.22 ACRES OF LAND, MORE OR LESS,** *et al.,* *Defendants.* | |

### ORDER

BEFORE THE COURT are Plaintiff Natural Gas Pipeline Company of America LLC's ("NGPL") Motion for Summary Judgment as to Award of Just Compensation to Remaining Defendants (hereafter, "Motion for Summary Judgment as to Just Compensation") (Doc. 89) and Motion for Refund of Plaintiff's Cash Security for Tracts TX-RV-026.000, TX-RV-019.000 and TX-WA-005.050 (hereafter, "Motion for Refund") (Doc. 90). After due consideration, NGPL's Second Motion for Summary Judgment shall be **GRANTED IN PART**, and NGPL's Motion for Refund shall be **GRANTED**. (Docs. 89, 90).

### I. BACKGROUND

On October 17, 2019, the Federal Energy Regulatory Commission ("FERC") issued NGPL, a natural gas company as defined by § 2(a) of the Natural Gas Act ("NGA"), 15 U.S.C. § 717(a)(6), a Certificate of Public Convenience and Necessity (hereafter, "Certificate") for the construction of a natural gas pipeline in West Texas. (Docs. 1-3; 1 at 10; 86 at 1). According to NGPL, this pipeline, as part of the Lockridge Extension Pipeline Project ("Project"), is to provide sufficient capacity for the transportation of natural gas of 500,000 dekatherms daily. (Doc. 1 at 9). This 30-inch-diameter pipeline is to traverse the Permian Basin over a length of

1

16.84 miles and interconnect with the Trans-Pecos Pipeline. *Id.*; (Doc. 1-3 at 1). On January 13, 2020, NGPL filed its Verified Complaint for Condemnation (hereafter, "Complaint") pursuant to the NGA, 15 U.S.C. § 717f(h). (Doc. 1). Through its Complaint, NGPL sought the condemnation via eminent domain of various tracts of land as necessary to proceed with the construction of the pipeline. (Doc. 1 at 15–25). The Project is to extend across Ward, Reeves, and Pecos Counties in Texas. *Id.* at 9; (*see also* Doc. 1-3 at 1).

On February 7, 2020, NGPL filed its first Motion for Partial Summary Judgment ("First Motion for Summary Judgment"), seeking the condemnation of or the right to immediately possess all unsigned tracts of land outstanding. (*See* Doc. 41). Before the instant motions were filed, NGPL had only acquired voluntary easements from all *known* Defendant landowners, but had yet to do so from three unknown, unsigned landowners ("unknown Defendant landowners") who owned fractional minority interests in three separate tracts of land. (Doc. 86 at 2). In the First Motion for Summary Judgment, NGPL also included appraisals of the approximate market value of each of the partial tracts which would be condemned by NGPL's actions. (Doc. 41-2) The unsigned tracts of land were as follows:

| Tract No. | Landowners | County | Appraisal Amount |
|---|---|---|---|
| TX-WA-005.050 | Unknown Heirs, Successors and Assigns of N.S. Hall and Bessie Juanita Hall | Ward | $406 |
| TX-RV-019.000 | Unknown Heirs, Successors and Assigns of Arthur Clement Russell; Unknown Heirs, Successors and Assigns of Robert Reid Russell; Unknown Heirs, Successors and Assigns of Elizabeth Sophia C. Russell; Unknown Heirs, Successors and Assigns of Madeline J. Russell | Reeves | $102 |
| TX-RV-026.000 | Unknown Heirs, Successors and Assigns of Virginia C. O'Bryan; Unknown Heirs, Successors and Assigns of Martha B. Williamson | Reeves | $10,811 |

(Doc. 41-2 at 2–3). NGPL sought in its First Motion for Summary Judgment the confirmation of NGPL's "right to acquire the[se] [e]asements by eminent domain" under the NGA; the award of

"immediate possession of the[se] [e]asements to NGPL to enable commencement of on-site construction and construction related activities"; and the establishment of the "type, amount[,] and terms of security to . . . secure payment of just compensation to [the unknown] Defendant[ landowner]s." (Doc. 41 at 22–23). In so requesting, NGPL made its motion under Federal Rules of Civil Procedure 56 and 65, as well as pursuant to § 717f(h) of the NGA. (*Id.* at 10–11).

The Court granted NGPL's First Motion for Summary Judgment on April 8, 2020, granting NGPL "access and possession of the [e]asements condemned pursuant to the FERC Certificate." (Doc. 86 at 10). The Court further ordered NGPL to deposit with the Court $16,978.50—the total appraisal amount of the three properties plus a fifty percent increase—to represent a security for the three unsigned tracts' value. *Id.* at 9–10. NGPL so did on April 13, 2020. (*See* Doc. 90-1 at 3). On July 1, 2020, NGPL notified the Court that it had settled with the previously unsigned interest owners of the tract of land described as TX-RV-026.000, and requested the Court's dismissal of those Defendant landowners. (Doc. 87). The next day, on July 2, 2020, the Court dismissed those owners of TX-RV-026.000 from this action. (Doc. 88).

On October 14, 2021, NGPL filed its instant Second Motion for Summary Judgment, requesting that the Court grant summary judgment concerning the amount of just compensation for the unsigned owners of the remaining tracts, known as TX-WA-005.050 and TX-RV-019.000. (Doc. 89 at 10–11). NGPL seeks either nominal damages, citing the unknown Defendant landowners' failure to appear, or an adjudication that just compensation for the two remaining unsigned owners is the appraisal value as evinced in NGPL's First Motion for Summary Judgment. *Id.* Also on October 14, 2021, NGPL filed its Motion for Refund, seeking as to the two remaining unknown owners the return of either the remainder of the security deposit after an award of nominal damages, or the 50% bonus paid to the Court as security on the

order entered for the First Motion for Summary Judgment. (Doc. 90 at 2–3). As to the owners of TX-RV-026.000, NGPL seeks the return of the entire security deposit, referencing the settlement already reached with the owners in July 2020. *Id.* at 3; (*see also* Doc. 87).

NGPL has attempted service by mail, publication, and otherwise. (*See* Docs. 86 at 3; 89 at 4–5). To date, no response, answer, or notice of appearance, has been made by the owners of the two remaining unsigned tracts of land. Further, neither set of aforementioned owners has produced a response to either the Second Motion for Summary Judgment or the Motion for Refund. (Docs. 89, 90). These motions, having been filed in October of 2021, are therefore ripe for disposition. The question before the Court is therefore: how much compensation is just for the two unsigned tracts?

## II.   LEGAL STANDARD

### A.   Summary Judgment

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the Court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, they "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment by

4

either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in their favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, a nonmovant does not satisfy her burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999).

**B.     Just Compensation**

Section 717f(h) of the NGA provides that condemnation proceedings "shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated." 15 U.S.C. § 717(f). Although the meaning of "just compensation" and "fair market value" are defined by federal law, the United States Court of Appeals for the Fifth Circuit "has determined that [state] law controls when determining issues related to just compensation in condemnation or expropriation proceedings." *Perryville Gas Storage, LLC v. Dawson Farms, LLC*, No. 11-1883, 2012 WL 5499892, at *7 (W.D. La. Nov. 13, 2012) (citing *Miss. River Transmission Corp. v. Tabor*, 757 F.2d 662, 665 n.3, 676 (5th Cir. 1985)). Because this case involves a taking by a nongovernmental entity, Texas state law

governs the precise award of just compensation.[1] *See Panhandle E. Pipe Line Co., LP v. Gray*, No. 2:20-CV-221-Z, 2021 WL 3810918, at *4 (N.D. Tex. Aug. 26, 2021) (citing *Miss. River Transmission Corp.*, 757 F.2d at 665 n.3). In Texas, "[c]ompensation for land taken by eminent domain is measured by the market value of the land at the time of the taking." *Hlavinka v. HSC Pipeline P'ship*, 605 S.W.3d 819, 836 (Tex. App.—Houston [1st Dist.] 2020, pet. filed) (mem. op.).

Generally, fair market value is determined by the "before-and-after rule, which requires measuring the difference in the value of the land immediately before and immediately after the taking." *Exxon Pipeline Co. v. Zwahr*, 88 S.W.3d 623, 627 (Tex. 2002) (citing *Callejo v. Brazos Elec. Power Coop., Inc.*, 755 S.W.2d 73, 76 (Tex. 1988)). However, in the case of a partial taking—wherein less than the entirety of a tract is condemned—"just compensation" is measured as a function of two factors: "(1) the market value of the part taken, and (2) the diminution in value of the remainder due to the taking and construction of the improvement for which it was taken." *Enbridge G & P (East Tex.) L.P. v. Samford*, 470 S.W.3d 848, 858 (Tex. App.—Tyler 2015) (mem. op.) (citing *Texas v. Windham*, 837 S.W.2d 73, 75–76 (Tex. 1992)). When, as in the instant case, an easement is taken for the creation of a pipeline, the owner is provided "some beneficial use of the part taken," and therefore "the damages for condemnation will be, as a matter of law, less than the full value of the fee." *Id.* at 858–59.

---

[1] NGPL argues in its Second Motion for Summary Judgment for a valuation method premised upon the Takings Clause of the Fifth Amendment to the United States Constitution, which applies to governmental action. (*See* Doc. 89 at 9); *see also Fairholme Funds, Inc. v. United States*, 146 Fed. Cl. 17, 51 (Fed. Cl. 2019), *modified by* 147 Fed. Cl. 126 (Fed. Cl. 2020). This standard, while perhaps practically indistinguishable from the relevant Texas analysis, is inapplicable to this case.

### III. DISCUSSION

#### A. Second Motion for Summary Judgment

The Court now turns to the Second Motion for Summary Judgment. (Doc. 89). The Court previously granted NGPL rights in easement for each of the two unsigned tracts for which there has been no settlement, known as TX-WA-005.050 and TX-RV-019.000. (*See* Doc. 86). Having done so, and with the owners of the above two tracts failing to make any appearance in this case despite NGPL's repeated efforts to serve them, the Court's sole task at this stage is to establish the value of the tracts. *See Transcontinental Gas Pipe Line Corp. v. 118 Acres of Land*, 745 F. Supp. 366, 373 (E.D. La. 1990) (after granting a motion for partial summary judgment as to the condemnation of property, the court was "le[ft with] only the question of the amount of compensation to be paid to the landowners"); *see also Gulf Crossing Pipeline Co. LLC v. 7.50 Acres*, No. 4:08CV178, 2008 WL 2774534, at *5 (E.D. Tex. July 8, 2008), *report and recommendation adopted*, No. 4:08CV178, 2008 WL 2774534 (E.D. Tex. July 11, 2008).

At this juncture, the Court must first identify the value of the land at the time of the taking, and then ascertain the "diminution in value to the remainder of the land." *Oncor Elec. Delivery Co., LLC v. Brown*, 451 S.W.3d 128, 131 (Tex. App.—Amarillo 2014) (mem. op.). In condemnation actions, the "burden of establishing the value of the land . . . condemned [rests] with the landowner." *United States v. 117.543 Acres of Land*, 543 F. Supp. 3d 595, 602 (S.D. Tex. 2020) (alteration in original) (quoting *United States v. 62.50 Acres of Land in Jefferson Par.*, 953 F.2d 886, 890 (5th Cir. 1992)). If the landowner does not meet this burden, and otherwise "fails to establish that just compensation is higher than the [condemnor's] estimate, the Court may rely exclusively on the [condemnor's] evidence." *Id.* (citing *United States v. 8.41 Acres of Land in Orange Cnty.*, 680 F.2d 388, 395 (5th Cir. 1982)). Alternatively, the Court may

award nominal damages in satisfaction of just compensation. *See, e.g.*, *United States v. 50.822 Acres of Land*, 950 F.2d 1165, 1168–69 (5th Cir. 1992) (affirming district court's award of nominal damages when the claimants failed to meet their burden of establishing the value for just compensation).

In this case, the Court finds NGPL has sufficiently proven its estimation of the just compensation award for the two unsigned tracts of land. Specifically, NGPL presents in support of its contentions concerning the two unsigned tracts an appraisal report (hereafter, "Appraisal Report"), supplemented by an affidavit from Kinder Morgan, Inc.'s Right-of-Way Agent, swearing to its authenticity. (*See* Docs. 89-2, 89-3). The Appraisal Report itself provides nearly one hundred pages' worth of analysis and data on the value of the unsigned tracts. (*See generally* Doc. 89-2). The Appraisal Report concludes that the amount of total compensation for each of the tracts is as follows:

| Tract No. | Landowners | County | Easement Size | Appraisal Amount |
|---|---|---|---|---|
| TX-WA-005.050 | Unknown Heirs, Successors and Assigns of N.S. Hall and Bessie Juanita Hall | Ward | 0.30 acres | $406 |
| TX-RV-019.000 | Unknown Heirs, Successors and Assigns of Arthur Clement Russell; Unknown Heirs, Successors and Assigns of Robert Reid Russell; Unknown Heirs, Successors and Assigns of Elizabeth Sophia C. Russell; Unknown Heirs, Successors and Assigns of Madeline J. Russell | Reeves | 0.08 acres | $102 |

*Id.* at 6, 58. In the Appraisal Report, the appraisers calculated the compensation for the properties by valuating the entire property, subtracting the value of the partial taking, and augmenting the compensation difference for the temporary workspace, or the rental value of temporarily utilized portions of the unknown Defendant landowners' property. *Id.* at 15, 67.

The Appraisal Report concluded further that NGPL's easements would cause $0.00 in damages to the remainder of the properties. *Id.* at 13, 65.

NGPL also provides an affidavit from Mark Schulze, a real estate appraiser with personal knowledge of the preparation of the Appraisal Report, who describes the process and technique by which he measured the two tracts' fair market value. (*See* Doc. 89-2). Schulze affirms that he "determined the market value of the fee lands burdened by the NGPL [e]asements," and then calculated the "market value of the land rights taken in connection with the NGPL [e]asements" as well as "whether the portion of the parent tract or tracts remaining after the taking . . . diminished as a result of the taking of the NGPL [e]asements." *Id.* at 3. Schulze confirms that these two amounts from the Appraisal Report constitute the "total just compensation" for each of the two unsigned tracts. *Id.*

Neither set of unknown Defendant landowners has responded or offered any evidence controverting NGPL's proffered just compensation award as to the two unsigned tracts. As it stands, the two sets of landowners in question have not met their burden of disputing the value of just compensation for the condemned portion of land on their properties, and the record is so devoid. Under Federal Rule of Civil Procedure 71.1(e)(3):

> A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed. But at the trial on compensation, a defendant—whether or not it has previously appeared or answered—may present evidence on the amount of compensation to be paid and may share in the award.

Fed. R. Civ. P. 71.1(e)(3). The Court finds that, due to the unknown Defendant landowners' failure to appear or respond in this case, any objections or defenses to NGPL's summarization of the case facts have been waived. *Accord Gulf S. Pipeline Co. LP v. Douglas*, No. 4:19-CV-02890, 2020 WL 2771191, at *2 (S.D. Tex. May 28, 2020). Thus, NGPL's estimation of just compensation for the two unsigned tracts is undisputed, and no genuine dispute of material facts

9

as to just compensation exists. *See Panhandle E. Pipe Line Co., LP v. Gray*, No. 2:20-CV-221-Z, 2021 WL 3810918, at *4 (N.D. Tex. Aug. 26, 2021).

Having reviewed all of the evidence, the Court is persuaded by NGPL's Appraisal Report and the two affidavits in support of its verisimilitude. The appraisers used a thorough analytical framework which considered the value of the properties and the value of temporary workspace easements on the properties, and concluded that no diminution in the remaining, non-condemned properties occurred. (*See* Doc. 89-2 at 15, 67); *see also Gulf S. Pipeline Co. v. TX-MQ-0068.00000: 2.702 Acres*, No. 19-2885, 2020 WL 4333609, at *1–3 (S.D. Tex. July 28, 2020). This calculus coincides with the requirements in the valuation of fair market value under Texas state law and appears to have been reached by reliable methods, utilizing as comparators the sales of similar properties and estimates of the overall market value of the tract as a whole, unaffected by the easements.[2] *Accord Panhandle E. Pipe Line*, 2021 WL 3810918, at *4; *see Texas v. Gleannloch Com. Dev., LP*, 585 S.W.3d 509, 525–26 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (mem. op.).

Therefore, the Court finds the unsigned owners of the tract known as TX-WA-005.050 are entitled to just compensation in the amount of $406.00 for the NGPL partial taking of 0.30 acres. Additionally, the Court finds that the unsigned owners of the tract known as TX-RV-

---

[2] NGPL's principal request for relief in its Second Motion for Summary Judgment is that, because the landowners for the two unsigned tracts have neither appeared in this case nor met their burden of establishing just compensation under Texas law, nominal damages should be awarded. (Doc. 89 at 7–8). This method of valuation argument makes no difference here, as the precise amount of just compensation NGPL has proffered is $406.00. *Id.* at 11. Even if the Court believed a nominal award to be warranted, awards to the tune of $102.00 and $406.00 are well within the nominal damages range. *See, e.g.*, *United States v. 50.822 Acres of Land*, 950 F.2d 1165, 1170–71 (5th Cir. 1992) (affirming a $200 award when fair market value was purportedly $200,000); *see also United States v. 117.543 Acres of Land*, 504 F. Supp. 3d 595, 606–07 (S.D. Tex. 2020) ($100 as nominal compensation). Furthermore, NGPL has effectively conceded several times in the form of the appraisal value for the affected tracts that the amounts which NGPL itself has delineated and which the Court has decided to award indeed represent just compensation for the partial taking of the two unsigned tracts. *Id.*; (*see also* Docs. 41, 89). If nothing else, NGPL's concession in this regard establishes a baseline for the tracts' value, uncontroverted by the unknown Defendant landowners, of just compensation.

019.000 are entitled to just compensation in the amount of $102.00 for the NGPL partial taking of 0.08 acres. Accordingly, the Court **GRANTS IN PART** NGPL's Second Motion for Summary Judgment. (Doc. 89).

**B.     Motion for Refund**

NGPL seeks a refund of its cash security deposits minus all amounts determined to satisfy just compensation for the landowners of the three tracts. (Doc. 90). Because the Court has already decided that the owners of the unsigned tracts known as TX-WA-005.050 and TX-RV-019.000 are entitled to $406.00 and $102.00, respectively, the 50% increase accompanying NGPL's deposit for each of these two tracts is the amount which should be returned.

The Motion for Refund, however, also encompasses the tract known as TX-RV-026.000, the owners of which NGPL has already settled with. (*See* Docs. 87, 90). The Court finds the $16,216.50 cash security deposit for the tract known as TX-RV-026.000 should be returned in its entirety. NGPL and the owners of the tract came to a separate, extrajudicial agreement as to just compensation, and NGPL has dismissed its case against those owners accordingly. (Docs. 87, 88). Therefore, there is no need for the Court to ascertain any just compensation concerning this tract, and the entire amount deposited with the Clerk of Court as a security should be returned. Accordingly, the Court **GRANTS** NGPL's Motion for Refund. (Doc. 90).

### IV.     CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

NGPL's Second Motion for Summary Judgment is **GRANTED IN PART**. (Doc. 89).

NGPL's Motion for Refund is **GRANTED**. (Doc. 90).

The total amount of just compensation for NGPL's condemnation for a permanent easement on 0.30 acres of the tract known as TX-WA-005.050 is $406.00. Of the $609.00

11

deposited with the Clerk of Court as a cash security, $203.00 shall be returned to NGPL. The remaining $406.00 shall remain on deposit in the Court's registry, available for distribution to the owners of the tract known as TX-WA-005.050 on application.

The total amount of just compensation for NGPL's condemnation for a permanent easement on 0.08 acres of the tract known as TX-RV-019.000 is $102.00. Of the $153.00 deposited with the Clerk of Court as a cash security, $51.00 shall be returned to NGPL. The remaining $102.00 shall remain on deposit in the Court's registry, available for distribution to the owners of the tract known as TX-RV-019.000 on application.

The entirety of the $16,216.50 deposited with the Clerk of Court as a cash security for the tract known as TX-RV-026.000 shall be returned to NGPL.

In sum, $508.00 shall remain on deposit in the Court's registry. The Clerk of Court shall issue a check in the amount of Sixteen Thousand Four Hundred Seventy Dollars and Fifty Cents ($16,470.50), payable to the order of:

Natural Gas Pipeline Company of America LLC
c/o James Melton
5410 South Bell St., Suite 600
Amarillo, Texas 79019

It is so **ORDERED**.

SIGNED this 27th day of April, 2022.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE